IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| PAUL CLARK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 7-23cv-00007 |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446(a), Defendant Safeco Insurance Company of Indiana ("Safeco" or "Defendant") files this Notice of Removal, hereby removing this action from the 30th Judicial District Court of Wichita County, Texas to the United States District Court for the Northern District of Texas, Wichita Falls Division. Removal is based on diversity jurisdiction because there is complete diversity between Plaintiff Paul Clark ("Plaintiff") and Safeco, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In support of its Notice of Removal, Defendant respectfully shows the Court as follows:

## I.
## INTRODUCTION

This dispute arises out of Plaintiff's claim for storm damage to residential property located at 2101 Miramar Street, Wichita Falls, Texas 76308 under a homeowners insurance policy issued by Safeco. In his Original Petition, Plaintiff asserts claims against Safeco arising out of Safeco's handling of Plaintiff's insurance claim.

On November 14, 2022, Plaintiff filed his Original Petition in the 30th Judicial District Court of Wichita County, Texas, naming Safeco as the sole defendant. Prior to serving Safeco, Plaintiff filed his First Amended Petition against Safeco on December 5, 2022. Safeco was served

with a citation and a copy of Plaintiff's First Amended Petition on December 20, 2022 through its registered agent for service of process. Accordingly, this Notice of Removal is being filed within thirty (30) days of service of Plaintiff's First Amended Petition on Safeco and is thus timely filed under 28 U.S.C. § 1446(b). As explained below, removal is proper because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00.

## II.
## BASIS FOR REMOVAL

### A. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP.

Removal is proper because there is complete diversity between the parties. *See* 28 U.S.C. § 1332(a). Plaintiff is an individual domiciled in Wichita County, Texas. *See* Exhibit C-1, Plaintiff's First Amended Petition, ¶ 1. For diversity purposes, Plaintiff is a citizen of Texas. Safeco is a corporation organized under the laws of the State of Indiana with its principal place of business in Boston, Massachusetts. For diversity purposes, Safeco is a citizen of Indiana and Massachusetts. Accordingly, there exists complete diversity of citizenship between the parties.

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

Generally, the amount in controversy for purposes of establishing federal jurisdiction should be determined by the plaintiff's complaint. *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1411-12 (5th Cir. 1995). Here, Defendant can demonstrate that it is facially apparent from Plaintiff's First Amended Petition and from the facts in the underlying case that the amount in controversy exceeds $75,000.00. Specifically, Plaintiff's First Amended Petition alleges that Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs. *Id*. at ¶ 4.

Defendant can also carry its burden by demonstrating that the amount in controversy exceeds $75,000.00 by setting forth the facts in the removal petition. "[T]he [C]ourt may rely on

summary judgment-type evidence to ascertain the amount in controversy." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (internal quotation marks omitted). One such type of summary judgment evidence is a pre-suit demand letter. *Gutierrez v. Allstate Texas Lloyd's*, 2017 WL 3274358, at *2 (S.D. Tex. Jan. 1, 2017). On or about August 30, 2022, Plaintiff served Defendant a pre-suit notice letter pursuant to the Texas Insurance Code in which he alleged that the "amount owed" by Safeco was $474,226.56. *See* Exhibit D. Thus, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### III.
### COMPLIANCE WITH PROCEDURAL REQUIREMENTS

As required by Local Rule 81.1(a), filed concurrently with this Notice of Removal is a completed civil cover sheet, supplemental civil case cover sheet, and Defendant's Certificate of Interested Persons and Corporate Disclosure Statement that comply with Local Rules 3.1(c), 7.4, and 81.2. Additionally, the following exhibits are attached:

- **Exhibit A**: Index of all documents filed in the state court action;
- **Exhibit B**: Wichita County Civil Case Information Sheet;
- **Exhibits C through C-3:** A copy of each pleading filed in the state court action; and
- **Exhibit D**-Plaintiff's Pre-Suit letter.

Pursuant to Section 28 U.S.C. §1446(d), Safeco will serve written notice of the filing of this Notice of Removal on all adverse parties promptly after the filing of same, and will file a true and correct copy of this Notice of Removal with the Court Clerk of the 30th Judicial District Court of Wichita County, Texas promptly after filing of same.

# IV.
# CONCLUSION AND PRAYER

Based on the foregoing, Defendant Safeco Insurance Company of Indiana respectfully requests that the above-styled action now pending in the 30th Judicial District Court of Wichita County, Texas be removed to the United States District Court for the Northern District of Texas, Wichita Falls Division. Defendant requests all such other and further relief to which it is justly entitled.

Respectfully submitted,

*/s/ Mark D. Tillman*
MARK D. TILLMAN
State Bar No. 00794742
MICHAEL C. DIKSA
State Bar No. 24012531

**TILLMAN BATCHELOR LLP**
5605 N. MacArthur Blvd., Suite 560
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
Email: mark.tillman@tb-llp.com
Email: mike.diksa@tb-llp.com

**ATTORNEYS FOR DEFENDANT
SAFECO INSURANCE COMPANY
OF INDIANA**

# CERTIFICATE OF SERVICE

In accordance with the FEDERAL RULES OF CIVIL PROCEDURE, on January 17, 2023, a true and correct copy of the above and foregoing instrument was served *via electronic service* upon:

**ATTORNEYS FOR PLAINTIFF**
Meghann L. Chonowski
Texas Bar No. 24054900
Hair Shunnarah Trial Attorneys, LLC
d/b/a Insurance Claim HQ d/b/a Insurance Claim Lawyers, Inc.

3540 S. I-10 Service Rd. W., Ste. 300 Metairie, LA 70001
E-mail: meghann@hairshunnarah.com

*/s/ Mark D. Tillman*
MARK D. TILLMAN